IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AMERICAN CONTRACTORS**
**INDEMNITY COMPANY,**

      **Plaintiff,**

  v.                                    Civil Action 2:19-cv-5523
                                          Judge James L. Graham
                                          Magistrate Judge Kimberly A. Jolson

**LINKOLOGY, INC., et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Allow Alternative Methods of International Service. (Doc. 30). For the reasons that follow, Plaintiff's Motion is **GRANTED**.

### I.    BACKGROUND

Plaintiff filed its Complaint for indemnity and enforcement of a general indemnity agreement on December 17, 2019. (Doc. 1). Three of the six named Defendants, National Property Management, LLC ("National Property"), Rami Batshoun, and Randa Batshoun, have not been served. Plaintiff has attempted to serve these Defendants domestically in the United States. (*See* Doc. 30 at 3; *see also* Doc. 29). And the Court has granted Plaintiff additional time to continue these efforts. (*See* Doc. 33). But "[u]pon information and belief," Plaintiff believes these Defendants "now reside and work in Morocco." (*Id.*). For evidence, Plaintiff has attached the declaration of Donatella Lukez Beatrice, who attempted to locate and serve these Defendants, (Doc. 30-1), as well as a record of these attempts, (*id*. at 6–17).

Plaintiff has moved under Rule 4(f)(3) of the Federal Rules of Civil Procedure to allow the following alternative methods of service:

    (1)    via FedEx at the address in Morocco where Defendants Rami and Randa Batshoun "are believed to reside and/or work;"
    (2)    via email to what is believed to be Rami Batshoun's business email address;
    (3)    via FedEx and via electronic mail to Ohio attorney Eric Goering, who Plaintiff believes to be Rami Batshoun's legal counsel in the United States; and
    (4)    via Rami Batshoun's LinkedIn account.

(Doc. 30 at 1–2).

## II. STANDARD

The requirements for service of both corporations and individuals under Rule 4(f)(3) "are that the alternative method of service authorized under that provision (1) must be directed by the court, and (2) must not be prohibited by international agreement." *Med. Protective Co. v. Ctr. for Advanced Spine Techs., Inc.*, No. 1:14-CV-005, 2014 WL 12653861, at *1 (S.D. Ohio Jan. 13, 2014) (citing *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 291 F.R.D. 172, 174 (S.D. Ohio 2013); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1134 (3d ed. 1998) ("The only proscription on the district court's discretion [to authorize alternative service] is that the method not be prohibited by international agreement.")). Further, "[t]he method of service selected must also satisfy due process requirements in that it be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Med. Protective Co.*, 2014 WL 12653861, at *1 (quoting *Lexmark Int'l, Inc.*, 291 F.R.D. at 174).

Importantly, "Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Med. Protective Co.*, 2014 WL 12653861, at *1 (quotation marks and citations omitted). Rather, "[i]t is merely one means among several which enables service of process on an international defendant." *Id.* (quotation marks and citations omitted). In assessing Plaintiff's Motion, "[t]he Court must

2

determine within its discretion whether the facts and circumstances of the case warrant an order of alternative service." *Id*. (citations omitted).

### III. ANALYSIS

Plaintiff explains that, because Rami and Randa Batshoun "are now believed to live in Morocco" and because Defendant National Property's sole member is Randa Batshoun, service must be made via Rule 4(f)(3). (*See* generally Doc. 30). Three of Plaintiff's four proposed methods of service satisfy that Rule.

First, Plaintiff seeks to serve Defendants at the Casablanca address where Rami and Randi Batshoun's are believed to either live or work. As Plaintiff notes, Article 10(a) of the Hague Convention permits service by mail as long as the receiving state has not objected to such service and the service is authorized under otherwise applicable law. *Water Splash, Inc., v. Menon*, 137 S. Ct. 1504, 1513 (2017). As Plaintiff notes, Morocco has not objected to service by mail. (*See* Doc. 30 at 7 (citing Hague Convention table providing that Morocco does not oppose service by mail under Article 10(a))). And both federal and state law permit service by mail. *See* Fed. R. Civ. P. 4(f)(2)(C)(ii) (permitting service by mail); Ohio R. Civ. P. 4.1(A)(1)(a) (same). But it appears unlikely that this method will work here. (*See* Doc. 30-1, ¶¶ 8–12 (noting that packages sent to Rami and Randa Batshoun at the Casablanca address were refused)). Accordingly, service by mail does not appear reasonably calculated to provide Defendants notice.

Plaintiff's remaining proposals fare better. Plaintiff seeks to serve Ohio attorney Eric Goering, who served as Rami Batshoun's local counsel in the underlying construction-bond dispute. (Doc. 30 at 7–8). Mr. Goering emailed counsel for Plaintiff in July 2018 to confirm his representation of Defendant Rami Batshoun. (*See* Doc. 30-2 at 1–4). So this alternative method appears reasonably calculated, under the circumstances, to provide Defendants with notice of the

3

action. *See, e.g.*, *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011) (collecting cases) ("Courts have permitted alternative service of process through various means, including by e-mail and/or service on local counsel.").

Plaintiff also requests to serve Defendant Rami Batshoun via his business email address and LinkedIn account. (Doc. 30 at 8–9). Plaintiff provides evidence of Rami Batshoun's LinkedIn profile and his known business email address. (*See* Doc. 30-1, ¶ 13; *id*. at 8, 17). "Courts have repeatedly found that email service is not prohibited by the Hague Convention." *Med. Protective Co.*, 2014 WL 12653861, at *1 (citing *Lexmark, Int'l, Inc.*, 291 F.R.D. at 174–75 (collecting cases)). And "the district court may order service by email as an alternative method of service pursuant to Fed. R. Civ. P. 4(f)(3), where appropriate." *Med. Protective Co.*, 2014 WL 12653861, at *1. The same is true regarding social media. *See, e.g.*, *Entrepreneur Media, Inc. v. Casey*, No. 818CV01058JLSAGR, 2018 WL 6424515, at *2 (C.D. Cal. Oct. 1, 2018) (permitting service by email and messages to defendant's social media accounts where plaintiff was unable to locate or serve defendant personally); *Kipu Sys., LLC v. ZenCharts, LLC*, No. 17-24733-CIV, 2018 WL 8264634, at *2 (S.D. Fla. Mar. 29, 2018) (permitting international service via defendants' LinkedIn accounts and publication on plaintiff's website).

Importantly, it is worth noting that these Defendants most likely already know about this lawsuit. Indeed, on his LinkedIn account, (*see* Doc. 30-1), Defendant Rami Batshoun identifies himself as the "President/Owner" of Defendant LINKOLOGY, which has already been served in this case, (*see* Doc. 24). So with regard to due process concerns, Defendants have already had a chance to object or otherwise appear in this matter.

Based on the foregoing, the Court finds that Plaintiff has demonstrated that the circumstances of this case warrant an order authorizing alternative service. Plaintiff lacks a

physical address for Defendants in Morocco or elsewhere, so there is no means by which personal service can be made.  It is hereby **ORDERED** that Plaintiff is authorized to serve Defendants National Property Management, LLC, Rami Batshoun, and Randa Batshoun via local counsel, as well as Rami Batshoun's business email address and LinkedIn account.  Given that Rami Batshoun and Randa Batshoun are married and Randa Batshoun is the sole member of Defendant National Property, (*see* Doc. 30 at 4), service on any of the three Defendants will suffice.  Plaintiff is **DIRECTED** to file a Proof of Service within fourteen (14) days of effecting service.

Finally, Plaintiff notes that the Moroccan government has suspended circulation of the printed news due to the COVID-19 pandemic.  (Doc. 30 at 9).  Should Plaintiff's alternative means of service fail, Plaintiff is **DIRECTED** to file a status report with the Court and identify a Moroccan publication (either in print or electronic) likely to reach Defendants in accordance with Rule 4(f)(3).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Allow Alternative Methods of International Service (Doc. 30) is **GRANTED**.

IT IS SO ORDERED.

Date:   May 6, 2020                                    /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE