IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

American Contractors Indemnity Co.,

    Plaintiff,

v.

Linkology Inc., *et al.*,

    Defendants.

Case No: 2:19-cv-5523

Judge Graham

Magistrate Judge Jolson

## Opinion and Order

This matter is before the court on the motions of plaintiff American Contractors Indemnity Company (ACIC) for default judgment against Rami Batshoun and Randa Batshoun, who are husband and wife, and against the business entities they own and control: Linkology, Inc., Link2Park, LLC, Link2Protect LLC, and National Property Management, LLC. The complaint alleges that defendants have breached a General Indemnity Agreement under which they were obligated to indemnify and hold ACIC harmless for amounts it paid on certain surety bond claims.

Defendants were served with the complaint and have failed to plead or otherwise defend in this action. The Clerk made an entry of default. See Fed. R. Civ. P. 55(a). Defendants were served with the current motions for default judgment.

In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the court accepts plaintiff's well-pled allegations as to defendants' liability as true. Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995). The court reviews "the pleadings as a whole to determine whether a 'sufficient basis' exists entitling Plaintiff to judgment pursuant to Rule 55(b)." United States v. Allen, No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting Nishimatsu Construction Co., Ltd. v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The complaint alleges that ACIC executed surety bonds to defendants in connection with a parking equipment upgrade project in Franklin County, Ohio. On October 10, 2018, the parties entered into the General Indemnity Agreement, under which ACIC had the right to settle any claim made in connection with the bonds. Defendants agreed to "indemnify, keep indemnified, reimburse and save and hold the Surety [ACIC] harmless from and against any and all demands, liabilities, losses, costs, damages, expenses and fees . . . which the Surety may sustain or incur or which arise by

1

reason of or in any manner in consequent of . . . the failure of any Principal or Indemnitor to perform or comply with any and all of the terms, covenants and conditions of this Agreement." Doc. 1-1 § III. The Batshouns signed the Agreement on behalf of their business entities.

The complaint alleges that ACIC made payments to certain claimants, including Knight Electric Inc., to settle performance and payment bond claims relating to defendants' default on the parking project. The complaint further alleges that ACIC demanded that defendants perform their contractual obligation to indemnify, reimburse, and hold ACIC harmless for its losses and expenses resulting from the payment of the claims, but defendants refused.

The Court finds that these allegations set forth a sufficient basis to sustain a claim for breach of contract and that ACIC is therefore entitled to default judgment under Rule 55(b).

Turning to damages, the Court may enter an award without a hearing when "plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(B)(1). Here, plaintiff has submitted an affidavit and a report of the claims it paid and the related costs it incurred. The court finds that such damages are a sum that can be made certain by computation. See Ullico Cas. Co. v. Abba Shipping Lines, Inc., 891 F.Supp.2d 4 (D.D.C. 2012) (no hearing needed to determine damages in breach of indemnity agreement action where sum could be computed); H&W Investments, Inc. v. 1580 Indus. Park Inv'rs, LLC, No. 1:12-CV-02251-JDB, 2013 WL 5426153, at *2 (W.D. Tenn. Mar. 7, 2013) (finding that damages from breach of a guaranty agreement were a sum that can be made certain by computation).

Accordingly, plaintiffs' motions for default judgment (docs. 40 and 43) are granted, and plaintiff is awarded $169,950.53 in damages.

                                                                           s/ James L. Graham
                                                                            JAMES L. GRAHAM
                                                                            United States District Judge

DATE: October 26, 2020